353 NORTH CLARK STREET CHICAGO ILLINOIS 60654-3456

**JENNER&BLOCK** LLP

Daniel J. Weiss
Tel: +1 312 923-4517
Fax: +1 312 527-0484
dweiss@jenner.com

January 25, 2021

**VIA ECF**

The Honorable R. Brooke Jackson
United States District Court
 for the District of Colorado
Alfred A. Arraj United States Courthouse
901 19th Street
Denver, Colorado  80294

  Re: <u>Zubair Kazi v. KFC US, LLC, Case No. 19-3300</u>

Dear Judge Jackson:

  As provided in this Court's Practice Standards, Defendant KFC respectfully submits this letter providing notice that KFC intends to file a motion for summary judgment in this matter. The deadline for dispositive motions is February 15, 2021. The basis for KFC's anticipated motion is as follows.

  As the Court knows, this case concerns KFC's decision to license a new franchised restaurant in Pueblo, Colorado, in 2019. Mr. Kazi, who operates an existing KFC franchise in Pueblo, seeks damages from KFC for alleged lost profits he contends he will suffer because of the new restaurant. Mr. Kazi has demanded a jury trial. Mr. Kazi has disclosed alleged damages of $5.2 million based on lost profits through the year 2050.

  KFC previously moved to dismiss Mr. Kazi's complaint. In a November 12, 2020 order, the Court dismissed all of Mr. Kazi's substantive claims except for a claim for breach of the implied covenant of good faith and fair dealing. (ECF No. 32.) The Court held that Mr. Kazi had alleged sufficient facts to state such a claim, namely: "that KFC treated its [sales impact] guidelines as a perfunctory box-checking process instead of truly assessing the impact a new outlet would have on franchisee." (*Id.* at 17.)

  Summary judgment is appropriate because the undisputed facts foreclose Mr. Kazi's claim. The evidence will show that KFC considered the potential impact on Mr. Kazi's outlet from a new outlet in the area of U.S. 50 and North Elizabeth Street in Pueblo in at least five separate meetings of its senior personnel, including in meetings of its Site Review Committee and its Franchise Growth Committee. Among other things, KFC considered separate sales-impact projections from a third-party software model and from an outside consultant, the James Andrews Group (JAG). KFC also considered information about the Pueblo trade area, including demographics, traffic patterns, and the fact that Pueblo supports multiple outlets for most other fast-food brands (*e.g.*, 6 McDonald's, 5 Wendy's, 2 Popeyes, etc.) without undue impact on each outlet. Mr. Kazi will be

Hon. R. Brooke Jackson
January 25, 2020
Page 2

unable to dispute that KFC conducted those meetings, reviewed those analyses, and considered those factors. In short, KFC followed a deliberative business process, not a box-checking exercise, to make its decision.

Instead, Mr. Kazi will likely attempt to criticize KFC's business process—*e.g.*, there should have been more meetings, or different studies, or more communications with him, etc.—but such purported criticisms do not establish a triable claim. The implied covenant does not create a *de novo* review of a business decision to determine if the business might have looked at things a different way or come to a different decision. Rather, under Kentucky law, it is Mr. Kazi's burden to adduce evidence that KFC acted with "deliberate and affirmative bad faith," and, without such evidence, summary judgment is appropriate. *J. P. Morgan Chase Bank, N.A. v. Acordia, Inc.*, No. CV 04-143-JBC, 2006 WL 8445400, at *4 (E.D. Ky. Oct. 4, 2006) (granting summary judgment against plaintiff). Put another way, Mr. Kazi must show that KFC acted without "legitimate business concerns," and, absent such evidence, he cannot ask a jury to "second-guess" KFC's business judgment. *Rivermont Inn Inc. v. Bass Hotels & Resorts Inc.*, 113 S.W.3d 636, 643 (Ky. App. Ct. 2003) (affirming summary judgment against plaintiff franchisee). Mr. Kazi is unable to adduce evidence that meets that burden.

Mr. Kazi cannot change that result with criticisms of the JAG study that KFC considered in connection with its decision. Mr. Kazi's theory is that JAG should have used a different methodology or considered other data to assess the impact on his store. Mr. Kazi hired a different firm, FTI, which produced a report in September 2019—three months after the JAG study—that purports to show greater impact than that estimated by JAG. Mr. Kazi later engaged another expert, Mr. Richard Weil, who opined that the "FTI study was overstated." Instead, Mr. Weil estimated that the sales impact will be higher than as estimated by JAG, but lower than as estimated by FTI. (Even tonight, Mr. Kazi has sent over more impact analyses with even more methodologies, well after his expert disclosure deadline, which we will take up separately.) Mr. Kazi apparently intends to argue that there is a jury issue as to which of these approaches is the right one. But the implied covenant does not require KFC to select the study Mr. Kazi would have chosen, nor does it entitle Mr. Kazi to a jury trial on the optimal study design. JAG is reputable and experienced and has employed the same methodology in hundreds of studies for many different fast-food brands. That another expert might have looked at things a different way falls well short of establishing "deliberate and affirmative bad faith" on the part of KFC.

We stand ready should the Court have any questions. Thank you.

Respectfully submitted,

/s/Daniel J. Weiss

Daniel J. Weiss
Counsel for KFC US, LLC

Hon. R. Brooke Jackson
January 25, 2020
Page 3


DJW:fms
cc via ECF:    Bruce E. Rhode, Esq.
                Counsel for Plaintiff Zubair Kazi