UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| ZUBAIR KAZI and<br>KFC OF PUEBLO, INC., | )<br>)<br>) |
| Plaintiffs, | )    Civil Action No. 19-cv-03300-RBJ |
| v. | )<br>) |
| | )    Honorable R. Brooke Jackson |
| KFC US, LLC, | )<br>) |
| Defendant. | ) |

### DEFENDANT KFC US, LLC'S REPLY IN SUPPORT OF
### MOTION TO FILE ANSWER *INSTANTER*

KFC moved for leave to file its answer to Plaintiffs' amended complaint after the deadline in Rule 12(a)(4)(A). (ECF No. 38.) Plaintiffs filed a limited and conditional opposition. (ECF No. 43.) In their opposition, Plaintiffs do not argue that KFC should be precluded from answering, nor do Plaintiffs contend that they have been prejudiced by the timing of KFC's answer. Thus, at the outset, there is no dispute between the parties that KFC should be permitted to answer Plaintiffs' amended complaint.

Plaintiffs' only disagreement relates to the narrow issue of how KFC answered a single paragraph of the amended complaint, namely paragraph 21. That paragraph is part of Plaintiffs' Count I, for breach of contract, which the Court dismissed in its November 12, 2020 order. (ECF No. 32 at 10.) Paragraph 21 alleges: "Franchisee has performed all the terms and conditions of the Agreement to be performed on its part." (ECF No. 17 ¶ 21.) It is not clear that KFC is required to answer an allegation that is part of a cause of action that has been dismissed by the Court. Nonetheless, out of an abundance of caution, KFC answered the allegations of Count I and denied some of those allegations, including those of paragraph 21. KFC denied paragraph 21 because

Plaintiffs have breached the franchise agreement in the past, and Plaintiffs are currently in breach of technology-upgrade requirements of the franchise agreement.

Plaintiffs do not contend in their opposition that KFC lacks a good-faith basis to deny paragraph 21. Thus, Plaintiffs made an allegation, Plaintiffs do not contend that Defendant lacks a good-faith basis to deny the allegation, and Defendant denied the allegation. There is nothing in that sequence that would suggest that KFC should be precluded from denying Plaintiffs' allegation.

Plaintiffs nonetheless accuse KFC of "belatedly rais[ing] what could amount to affirmative defenses" by denying paragraph 21. (ECF No. 43 at 1.) Plaintiffs are mistaken. KFC has not alleged any affirmative defenses. Putting aside that Count I has been dismissed, a plaintiff that alleges a breach of contract claim has the burden of proving that it complied with the contract it seeks to enforce. *E.g.*, *Hall v. Int'l Liberty Union of the World*, 170 S.W. 631, 633 (Ky. 1914) ("[T]he plaintiff must show that he has performed his part of the contract as to the particular thing for which he sues."). That is presumably why Plaintiffs included the allegation in their Count I. KFC has simply responded to that allegation. Plaintiffs do not supply any legal authority providing that Plaintiffs' non-compliance with the contract they seek to enforce is an affirmative defense, or that KFC must allege an affirmative defense in order to deny Plaintiffs' allegation.[1] The premise of Plaintiffs' opposition is thus mistaken.

In any event, KFC suggests that there is a practical solution to any arguable question involving the somewhat abstract issues raised by Plaintiffs' objection (*e.g.*, Plaintiffs object to "what *could* amount to an affirmative defense"). (ECF No. 43 at 1.) KFC suggests that the Court

---

[1] Plaintiffs assert that "breach of contract and failure of a condition precedent are affirmative defenses," but the only authority they cite for this argument is *Allstate Ins. Co. v. Orban*, 855 P. 2d 9, 12 (Colo. App. 1992), which merely noted that one party raised a breach as an affirmative defense; the case did not hold that such issues must always be raised as affirmative defenses. (ECF No. 43 at 3.)

should: (a) grant KFC's motion and deem KFC's answer filed; and (b) note that KFC has not alleged an affirmative defense, because it has not. As KFC previously advised, KFC intends to file a summary judgment motion on February 15; that motion will not implicate Plaintiffs' compliance with the franchise agreement. Thereafter, if the case is to be tried, and if either party believes that Plaintiffs' compliance with the franchise agreement may be implicated at trial, the parties may seek the Court's guidance during the pretrial conference and/or through a motion in limine on how the issue should be handled. The fact that KFC has not alleged an affirmative defense may be taken into account, if it is relevant, at that time. Plaintiffs identify no basis, however, to preclude KFC from answering the amended complaint or denying paragraph 21.

## CONCLUSION

For each reason, KFC respectfully requests that the Court grant KFC's motion and deem KFC's answer (ECF No. 38-1) as filed.

Dated: February 10, 2021

Respectfully submitted,

KFC US, LLC

By: /s/ Daniel J. Weiss
    One of Its Attorneys

Daniel J. Weiss
dweiss@jenner.com
Daniel W. Bobier
dbobier@jenner.com
JENNER & BLOCK LLP
353 North Clark Street
Chicago, Illinois 60654
Telephone: (312) 923-4517

## **CERTIFICATE OF SERVICE**

I, Daniel J. Weiss, an attorney, certify that on February 10, 2021, I caused **DEFENDANT KFC US, LLC'S REPLY IN SUPPORT OF MOTION TO FILE ANSWER *INSTANTER*** to be served on the following counsel of record by electronic mail:

>Bruce E. Rohde
>BRohde@ckbrlaw.com
>Margaret R. Pflueger
>MPflueger@ckbrlaw.com
>Campbell Killin Brittan & Ray, LLC
>270 St. Paul Street, Suite 200
>Denver, Colorado  80206