353 NORTH CLARK STREET CHICAGO ILLINOIS 60654-3456

JENNER&BLOCK LLP

Daniel J. Weiss
Tel: +1 312 923-4517
Fax: +1 312 527-0484
dweiss@jenner.com

March 4, 2021

**VIA ECF**

The Honorable R. Brooke Jackson
United States District Court
 for the District of Colorado
Alfred A. Arraj United States Courthouse
901 19th Street
Denver, Colorado 80294

      Re:    <u>Zubair Kazi v. KFC US, LLC, Case No. 19-3300</u>

Dear Judge Jackson:

      As provided in this Court's Practice Standards, Defendant KFC submits this letter providing notice that KFC intends to file a motion to exclude certain of Plaintiffs' expert disclosures, which were disclosed for the first time on January 25, 2021, nearly three months after the deadline for Plaintiffs' expert disclosures on October 30, 2020. Counsel have met and conferred about this issue by phone but have been unable to resolve it.

      KFC has moved for summary judgment in this case. (Dkt. No. 40.) KFC's summary judgment motion does not depend on a ruling on the matters addressed in this letter. If, however, the case proceeds to trial, the Court should exclude the untimely expert opinions from being presented. The basis for KFC's motion is as follows:

      On June 9, 2020, the Court entered a Scheduling Order providing for expert disclosures in this case, specifically: (a) Plaintiffs' expert reports to be disclosed by September 30, 2020, and (b) KFC's rebuttal expert reports to be disclosed by October 30, 2020. (Dkt. No. 24 at 8.) The Court later extended Plaintiffs' expert deadline to October 31, 2020 (Dkt. No. 27), and KFC's rebuttal deadline to December 25, 2020 (Dkt. No. 31 at 2). The close of discovery was set for January 15, 2021. (Dkt. No. 31.)

      On October 30, 2020, Plaintiffs disclosed expert reports from (a) Richard Weil; (b) Ken Ditzel and Kristy Pultorak of FTI; and (c) Jeffrey Opp. Mr. Weil disclosed opinions about whether KFC acted in "good faith" and the projected sales impact on Plaintiffs' outlet based on 2019 customer surveys; Mr. Ditzel and Ms. Pultorak disclosed opinions about the projected sales impact based on 2019 customer surveys; and Mr. Opp disclosed opinions about alleged damages.

      On December 25, 2020, KFC timely disclosed rebuttal expert opinions from (a) Jonathan Hibbard, (b) Michael Pakter, and (c) James Walewski of the James Andrew Group. Professor Hibbard disclosed rebuttal opinions in relation to the opinions of Mr. Weil and Mr. Ditzel/Ms.

The Hon. R. Brooke Jackson
March 4, 2021
Page 2

Pultorak.  Mr. Pakter disclosed rebuttal opinions in relation to the opinions of Mr. Opp.  Mr. Walewski disclosed opinions about the projected sales impact on Plaintiffs' outlet based on 2019 customer surveys.

On January 25, 2020, *nearly three months after Plaintiffs' expert disclosure deadline*, and after the close of discovery, Plaintiffs served KFC with purported "supplemental" expert disclosures from Mr. Weil and from Mr. Ditzel/Ms. Pultorak.

Both the Weil and Ditzel/Pultorak "supplemental" disclosures discuss topics and opinions not addressed in those experts' initial reports and not addressed in any KFC expert rebuttal. Specifically:

- Mr. Weil discloses opinions in his January 25 "supplement" related to "sales trends," using 2020 sales data from Mr. Kazi's outlet.  Mr. Weil did not disclose any opinion related to "sales trends" or actual sales data in his October 30, 2020 report.  When asked about this in his deposition, Mr. Weil testified that he could have performed such analysis for his October 30 report, but he was not asked to do so.

- Mr. Weil also discloses opinions in his January 25 "supplement" related to a change in the specific parcel of land used for the new outlet in Pueblo, which change occurred in 2019.  Mr. Weil did not disclose any opinions about this issue in his October 30, 2020 report.  When asked about this in his deposition, Mr. Weil testified that he could have addressed this issue in his October 30, 2020 report, but he did not because of "oversight."

- Mr. Ditzel and Ms. Pultorak similarly disclosed in their January 25 "supplement" opinions about the "actual sales impact" at Mr. Kazi's outlet, based on 2020 sales data. Mr. Ditzel and Ms. Pultorak did not disclose any opinions about actual sales impacts or 2020 sales data in their prior report.  In deposition, Mr. Ditzel admitted that he could have analyzed actual sales data before the October 30, 2020 deadline for Plaintiffs' disclosures, but he was not asked to do so.

- Mr. Ditzel and Ms. Pultorak also disclosed in their January 25 "supplement" a "*re-performance*" of their prior sales impact projection, this time using "GIS distance" and "weightings of customer switching."  Mr. Ditzel and Ms. Pultorak did not disclose any opinions about GIS distance or weightings of customer switching in their prior report. In deposition, Mr. Ditzel admitted that he could have performed any of these analyses in connection with his initial report, but he was not asked to do so.

Counsel for KFC objected to the "supplemental" expert reports at the time they were disclosed in January.  Counsel for KFC has met and conferred with counsel for Plaintiff to understand if Plaintiffs would withdraw the late reports, but Plaintiffs have not agreed.  KFC

The Hon. R. Brooke Jackson
March 4, 2021
Page 3

understands that Plaintiffs will contend that their new "supplemental" opinions are responsive to KFC's rebuttal experts, but: (a) KFC's rebuttal experts did not address any of the matters listed in the above bullet points; and (b) in any event, the Court's schedule and appropriate practice under the rules do not permit expert sur-rebuttals.  KFC understands that Plaintiffs may also contend that Plaintiffs' experts did not have sufficient sales data from the period after the new KFC outlet opened in July 2020 to render opinions by the October 30, 2020 deadline, but:  (a) they had at least four months of such data and could have used it to render opinions if they wished, as confirmed in deposition; and (b) Plaintiffs, if they believed they needed more time or information to substantiate their claims, could have sought an extension or different case schedule, but they did not.

The Court should exclude Plaintiffs' untimely, "supplemental" disclosures of new opinions by Mr. Weil and by Mr. Ditzel and Ms. Pultorak.  Those experts admitted in deposition that nothing prevented them from issuing these opinions as part of their original disclosures and in compliance with the deadline set by the Court.  KFC would be prejudiced by allowing those late opinions at trial, including because discovery is closed and KFC would need to re-engage its own experts to *re*-rebut Plaintiffs' experts, after discovery and depositions have been completed.  *See Cook v. Rockwell Int'l Corp.*, 580 F. Supp. 2d 1071, 1169 (D. Colo. 2006) ("new or expanded opinions" based on information available at the time of initial disclosures are improper under Rule 26 and subject to exclusion).  No good cause justifies Plaintiffs' late disclosures.

For each reason, the Court should exclude Plaintiffs' untimely disclosures.  If it would assist the Court, KFC stands ready to file a motion on this subject and/or copies of the "supplements" with the previously undisclosed opinions marked.

We stand ready should the Court have any questions or require anything further.  Thank you.

Respectfully submitted,

/s/ *Daniel J. Weiss*

Daniel J. Weiss
Counsel for KFC US, LLC

DJW:fms
cc via ECF:   Bruce E. Rhode, Esq.
Counsel for Plaintiff Zubair Kazi