IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge R. Brooke Jackson

Civil Action No 19-cv-03300-RBJ

ZUBAIR KAZI and KFC of Pueblo, INC,

    Plaintiffs,

v.

KFC US, LLC,

    Defendant.

---

**ORDER ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

---

This matter is before the Court on defendant's motion for summary judgment. ECF No. 46. For the reasons discussed below, defendant's motion is DENIED.

### I. BACKGROUND

Plaintiff Zubair Kazi owns a KFC franchise at 1644. S. Prairie Avenue, Pueblo (the "South Pueblo KFC"). Mr. Kazi entered into a franchise agreement with defendant KFC for the ownership and operation of that location. In 2016 KFC launched an "Incentive Program" to encourage new restaurant growth. *See* ECF Nos. 54-12, 54-13, 54-14. To assuage fears that growth would drive old restaurants out of business, KFC issued "Impact Study Guidelines" describing how KFC would determine the impact of new franchise locations on existing franchises. ECF Nos. 17-3, 54-11. If the projected impact on an existing franchise was less than 10% the new location would be approved; if it was 10-15% KFC undertook "further review;"

1

and if it was over 15% the new location would be denied. *Id.*

In 2019 KFC decided to explore opening a new franchise in Pueblo (the "North Pueblo KFC"). It commissioned an impact study by a company called JAG, but Mr. Kazi believed that study was invalid and commissioned his own. The two studies produced vastly different results regarding the impact on the South Pueblo location. Nonetheless, KFC gave the green light for the new franchise to open. Mr. Kazi sued. *See* ECF No. 17. His only claim that survived this Court's order on a motion to dismiss was breach of the covenant of good faith and fair dealing. ECF No. 32. KFC now moves for summary judgment on that claim. ECF No. 46.

## II. ANALYSIS

Every contract implies a "covenant of good faith and fair dealing, and contracts impose on the parties thereto a duty to do everything necessary to carry them out." *Farmers Bank & Tr. Co. of Georgetown, Kentucky v. Willmott Hardwoods, Inc.*, 171 S.W.3d 4, 11 (Ky. 2005). Establishing breach of the covenant requires showing deliberate and conscious bad faith. *In re Russell Cave Co., Inc.*, 125 F. App'x 27, 30 (6th Cir. 2005) (unpublished). In my prior order in this case I determined that KFC must exercise its discretion regarding new franchises consistent with the parties' reasonable expectations. I also found that KFC's "Impact Study Guidelines" indicated what a reasonable exercise of its discretion looked like. ECF No. 32 at 16. Thus, breach of those guidelines could constitute a breach of the implied covenant. The sole issue on summary judgment is whether there are genuine disputes of material fact regarding Mr. Kazi's claim for breach of this implied covenant, which can be evidenced by facts showing that KFC failed to follow the guidelines in good faith. After reviewing the parties' briefs and the record, the Court finds that summary judgment is inappropriate because genuine disputes exist.

Defendant KFC insists that it engaged in a deliberate business process when it approved the new franchise, and that Mr. Kazi's argument relies entirely on having a jury impermissibly "second-guess" KFC's business judgment. ECF No. 46 at 1–2. I disagree. Mr. Kazi does spend ample time in his response pointing out the flaws in the impact study that KFC commissioned. ECF No. 54 at 6–10. If this evidence suggested only that JAG's study could have been more accurate, summary judgment for defendant would be appropriate. But plaintiff's point is not just that the study was flawed, but instead that KFC knew the study was flawed and accepted it wholesale regardless. This, he argues, is evidence of bad faith.

Combined with other facts from the record, a reasonable jury could find that there is circumstantial evidence supporting Mr. Kazi's claim on this theory:

1. The fact that virtually every study JAG has completed for KFC results in a finding of low impact, permitting a new franchise to open, suggests that the study could be designed to disfavor existing franchisees by underestimating impact. ECF No. 54-25 at 4.

2. That plaintiff raised the importance of using a bilingual surveyor, but KFC did not use one (despite JAG's normally honoring such a request) could imply KFC's ambivalence about getting accurate survey data. ECF Nos. 54-5 at 73:24–74:9; 54-8 at 120:8–121:11; 54-27 at 4.

3. KFC preliminarily approved the new franchise location just a few days after receiving survey results that predicted a 13.4% impact on plaintiff's location. ECF No. 46-1 at ¶¶44–46, 48; 54-30 at 2. Its final approval was based on the same numbers and data. ECF No. 46-1 at ¶49. A jury could find that KFC considered no new information after its initial approval, and thus it did not conduct the "further review" the guidelines required for the 10-15% impact range. While KFC insists that it did consider Mr. Kazi's objections and alternative impact report, ECF

No. 46-1 at ¶¶53–60, this did not change the final approval.  Furthermore, KFC itself says that there is no appeals or objections process included in its new franchise licensing process.  *Id.* at ¶52.  A jury could reasonably conclude that this renders the process inherently biased or flawed.

4. Finally, after the initial site selected for the new location fell through, KFC found another site and approved it without going through the guideline process a second time.  ECF Nos. 46-1 at ¶¶62–65; 54-1 at 92:7-22; 54-7 at 74:16–75:7.  Defendant approved the new location despite its receiving and purportedly reviewing Mr. Kazi's concerns about the JAG survey and the results from plaintiff's own survey showing higher impact numbers.  A jury could find, as defendant insists, that KFC considered and rejected these concerns and alternative study results, and that its second approval of the new franchise was the result of a proper business judgment.  But a jury could also find that KFC accepted shoddy study results and box-checked its own process in order to approve a new store it knew would generate revenue for KFC, regardless of the effect on Mr. Kazi's restaurant.

Many of these issues turn not on what KFC did, but why and how it undertook its actions.  Resolving these issues ultimately requires assessing witness credibility—a core function of the jury.  In sum, viewing the evidence in the light most favorable to plaintiff, a reasonable jury could conclude that KFC acted in bad faith when assessing the impact of the new franchise, and thus that it violated the covenant of good faith and fair dealing.

## ORDER

As a result, the Court DENIES defendant's motion for summary judgment [ECF No. 46].

DATED this 17th day of May, 2021.

BY THE COURT:

_____

R. Brooke Jackson  
United States District Judge