# **EXHIBIT C**

| | |
|---|---|
| **From:** | Weiss, Daniel J. |
| **Sent:** | Friday, June 18, 2021 4:21 PM |
| **To:** | Jackson Chambers |
| **Cc:** | Bruce Rohde; Bill Brittan; Bobier, Daniel W. |
| **Subject:** | Kazi v. KFC 19-CV-03300 / Jury Instructions |
| **Attachments:** | CHICAGO-#3037466-v4-Revised_JIs_Kazi.docx; 19cv3300_6-5-2021-PARTIES' STIPULATED AND CONTESTED PROPOSED JURY INSTRUCTIONS 2021 0604 (00430029-2xA9690).docx |

Ms. DeRosa,

Per the Court's instructions at the trial planning conference last week, I am attaching a Word version of the stipulated and disputed jury instructions in this case. For reference, I am also attaching Judge Jackson's comments on the prior version.

The parties have narrowed their disagreements – only the yellow highlighted sentences remain in dispute.

KFC notes that it has a continuing objection to the lost profits instruction in Instruction No. 9, but the language of that instruction is agreed if the instruction is to be given over KFC's objection.

Of course let us know if the Court has questions or requires anything further. Thank you.

Dan Weiss

**Daniel J. Weiss**

**Jenner & Block LLP**
353 N. Clark Street, Chicago, IL 60654-3456  |  jenner.com
+1 312 923 4517 | TEL
+1 312 961 7877 | MOBILE
DWeiss@jenner.com
Download V-Card  |  View Biography

CONFIDENTIALITY WARNING: This email may contain privileged or confidential information and is for the sole use of the intended recipient(s). Any unauthorized use or disclosure of this communication is prohibited. If you believe that you have received this email in error, please notify the sender immediately and delete it from your system.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

ZUBAIR KAZI and KFC OF PUEBLO, INC,

Plaintiffs,

v.                                                      Civil Action No. 19-cv-03300-RBJ

KFC US, LLC,

Defendant.

**PARTIES' STIPULATED AND CONTESTED PROPOSED JURY INSTRUCTIONS**

**STIPULATED**

**JURY INSTRUCTION NO. 1**

**<u>DESCRIPTION OF PARTIES' POSITIONS</u>**

This case concerns a dispute between Mr. Kazi and his company on the one hand and KFC on the other.  Mr. Kazi and his company operate a franchised KFC restaurant in Pueblo, Colorado.  Mr. Kazi operates that restaurant pursuant to a franchise agreement with KFC.  KFC is the franchisor; it owns the KFC brand and recipes and licenses them to franchisees like Mr. Kazi to operate restaurants.

In 2019, KFC approved an application by a different franchisee, by the name of Denis Schoenhofer, to open a new KFC restaurant on the north side of Pueblo.  The parties' dispute concerns that decision.

Mr. Kazi alleges that KFC breached the implied duty of good faith and fair dealing by licensing the new outlet.  Mr. Kazi alleges that KFC's decision to license the new outlet violated KFC's guidelines concerning the sales impact that a new restaurant may have on an existing restaurant.  Mr. Kazi seeks damages for the profits he claims he has lost and will lose in the future to the new restaurant.

KFC denies those allegations.  KFC asserts that it made a reasonable business decision in good faith to license the new restaurant.  KFC further asserts that the franchise agreement and the guidelines allowed KFC to license the new restaurant.  Finally, KFC states that Mr. Kazi's claim to lost profits is speculative and unfounded.

**STIPULATED**

**JURY INSTRUCTION NO. 2**

**BURDEN OF PROOF — PREPONDERANCE OF THE EVIDENCE**

The "burden of proof" means the obligation a party has to prove its claims or defenses. In this case, Plaintiffs have the burden of proving their claim by what is called a preponderance of the evidence.  The party with the burden of proof can use evidence produced by any party to persuade you.

Proof by a "preponderance of the evidence" means proof that something is more likely true than not.  It means that certain evidence, when compared to the evidence opposed to it, has the more convincing force and makes you believe that something is more likely true than not. Preponderance of the evidence does not necessarily depend on the number of witnesses.

If a party fails to meet its burden of proof as to any claim, or if the evidence weighs so evenly that you are unable to say that there is a preponderance on either side, you must reject that claim.

Those of you who are familiar with criminal cases will have heard the term proof beyond a reasonable doubt.  That burden does not apply in a civil case, and you should therefore put it out of your mind in considering whether or not a party has met its burden of proof on various issues.

**STIPULATED**

**JURY INSTRUCTION NO. 3**

**EVIDENCE IN THIS CASE**

The evidence in the case consists of the sworn testimony of all the witnesses, all exhibits which have been received in evidence, all facts which have been admitted or agreed to, all facts and events which have been judicially noticed, and all presumptions stated in these instructions.

In deciding the facts, you must consider only the evidence received at trial. Evidence offered at the trial and rejected or stricken by the Court must not be considered by you. Statements, remarks, arguments, and objections by counsel and remarks of the Court not directed to you are not evidence. You are to consider only the evidence in the case and the reasonable inferences from that evidence. An inference is a conclusion that follows as a matter of reason and common sense from the evidence.

Evidence may be either direct or circumstantial. Circumstantial evidence is the proof of facts or circumstances from which the existence or nonexistence of other facts may reasonably be inferred. All other evidence is direct evidence. The law makes no distinction between the effect of direct evidence and circumstantial evidence. The weight of evidence is not necessarily determined by the number of witnesses testifying to a particular fact.

Any finding of fact you make much be based on probabilities, not possibilities. You should not guess or speculate about a fact.

You must not be influenced by sympathy, bias, or prejudice for or against any party in this case.

4

**STIPULATED**

**JURY INSTRUCTION NO. 4**

**DEPOSITIONS AND PRIOR TESTIMONY AS EVIDENCE**

Certain testimony may be introduced into evidence from a deposition.  A deposition is testimony taken under oath before the trial.

You are to consider deposition testimony as if it had been given before you from the witness stand.

**STIPULATED**

**JURY INSTRUCTION NO. 5**

**DETERMINING CREDIBILITY OF WITNESSES**

You are the sole judges of the credibility of the witnesses and the weight to be given their testimony.  You should take into consideration their means of knowledge, strength of memory and opportunities for observation; the reasonableness or unreasonableness of their testimony; the consistency or lack of consistency in their testimony; their motives; whether their testimony has been contradicted or supported by other evidence; their bias, prejudice or interest, if any; their manner or demeanor upon the witness stand; and all other facts and circumstances shown by the evidence which affect the credibility of the witnesses.

Certain witnesses may be qualified as an expert by education, training, or experience, and may state opinions.  You should judge expert testimony just as you would judge any other testimony.  You should give the testimony the importance you think it deserves, considering the witness's qualifications, the reasons for the opinions, and all of the other evidence in the case.

Based on these considerations, you may believe all, part or none of the testimony of a witness.

**STIPULATED**

**JURY INSTRUCTION NO. 6**

**HIGHLIGHTED AND DEMONSTRATIVE EXHIBITS**

The lawyers have highlighted certain parts of some exhibits.  However, it is for you to determine the significance of the highlighted parts.

The demonstrative charts, graphics, or visual aids prepared by Plaintiffs and KFC have been presented for the purpose of helping you evaluate facts disclosed by testimony, books, records and other documents that are evidence in the case.  If these demonstrative charts, graphics, or visual aids do not correctly reflect facts or figures shown by the evidence in the case, you should disregard them.

==DISPUTED==

**PROPOSED JURY INSTRUCTION NO. 7**

**BREACH OF IMPLIED DUTY OF GOOD FAITH AND FAIR DEALING**

Plaintiffs allege in this case that KFC breached the implied covenant of good faith and fair dealing, which is a type of a claim for breach of contract. The contract between the parties is the franchise agreement.

In every contract, there is an implied duty of good faith and fair dealing, which is a duty that both parties to a contract owe one another. The implied duty requires the parties to do everything necessary to carry out each party's obligations under the contract, including exercising discretion under the contract in a manner consistent with the other party's reasonable expectations. ==**[KFC Proposed Addition:** Acting according to the terms of a contract is not a violation of the implied duty of good faith and fair dealing.]==

**[The next paragraph has two alternative proposed first sentences:]**

==**[Plaintiffs' First Sentence:** The implied duty of good faith and fair dealing forbids the parties from acting. . . ]==

==**[KFC's First Sentence:** To establish that KFC breached the implied duty of good faith and fair dealing, Plaintiffs must prove by a preponderance of the evidence that KFC acted . . .]==

in deliberate or conscious bad faith in carrying out **[their/its]** obligations under the parties' contract. "Bad faith" means that a party did not act honestly, openly, and sincerely, or that a party acted with deceit or fraud. ==**[KFC Proposed Addition:** "Bad faith" does not mean making a decision for legitimate business reasons.]==

**DISPUTED**

**PROPOSED JURY INSTRUCTION NO. 9**

**DAMAGES**

If you find that Plaintiffs have proven the other elements of their claim, Plaintiffs have the burden of proving by a preponderance of the evidence the nature and extent of any damages caused by a breach of the implied duty of good faith and fair dealing by KFC.

The purpose of damages in a contract case is to put the injured party in the position it would have been in had the contract been performed. **[KFC Proposed addition:  A party should not be awarded damages that put it in a better position than it would have enjoyed had the contract been performed**.]

Lost future profits may be included in a damages award if proven with reasonable certainty, but remote, conjectural, or speculative damages are not permitted.

IN THE UNITED STATES DISTRICT COURT IN AND FOR THE
DISTRICT OF COLORADO

Civil Action No. 19-CV-03300-RBJ

| | | |
|---|---|---|
| ZUBAIR KAZI and KFC OF PUEBLO, INC., | ) | |
| Plaintiffs, | ) | |
| v. | ) | VERDICT |
| KFC US, LLC | ) | |
| Defendant. | ) | |

On the question of whether Plaintiffs have proven by a preponderance of the evidence that KFC breached the implied duty of good faith and fair dealing, we, the jury, unanimously find:

[____] In favor of PLAINTIFFS, Zubair Kazi and KFC of Pueblo, Inc.

[____] In favor of DEFENDANT, KFC.

[Complete the next line only if you have found in favor of Plaintiffs:]

We, the jury, unanimously award damages of $_____ for the Plaintiffs and against the Defendant, KFC.

_____          _____
                                         Foreperson
_____          _____

_____          _____

_____          _____

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

ZUBAIR KAZI and KFC OF PUEBLO, INC,

                    Plaintiffs,

                v.                              Civil Action No. 19-cv-03300-RBJ

KFC US, LLC,

                    Defendant.

**PARTIES' STIPULATED AND CONTESTED PROPOSED JURY INSTRUCTIONS**

**JURY INSTRUCTION NO. 1**

**<u>DESCRIPTION OF CASE</u>**

**[Parties Conferring]**

2

**STIPULATED**

**JURY INSTRUCTION NO. 2**

**BURDEN OF PROOF — PREPONDERANCE OF THE EVIDENCE**

The "burden of proof" means the obligation a party has to prove its claims or defenses. In this case, Plaintiffs have the burden of proving its claim by what is called a preponderance of the evidence.  The party with the burden of proof can use evidence produced by any party to persuade you.

Proof by a "preponderance of the evidence" means proof that something is more likely true than not.  It means that certain evidence, when compared to the evidence opposed to it, has the more convincing force and makes you believe that something is more likely true than not. Preponderance of the evidence does not necessarily depend on the number of witnesses.

If a party fails to meet its burden of proof as to any claim, or if the evidence weighs so evenly that you are unable to say that there is a preponderance on either side, you must reject that claim.

Those of you who are familiar with criminal cases will have heard the term proof beyond a reasonable doubt.  That burden does not apply in a civil case, and you should therefore put it out of your mind in considering whether or not a party has met its burden of proof on various issues.

3

**STIPULATED**

**JURY INSTRUCTION NO. 3**

**EVIDENCE IN THIS CASE**

The evidence in the case consists of the sworn testimony of all the witnesses, all exhibits which have been received in evidence, all facts which have been admitted or agreed to, all facts and events which have been judicially noticed, and all presumptions stated in these instructions.

In deciding the facts, you must consider only the evidence received at trial. Evidence offered at the trial and rejected or stricken by the Court must not be considered by you. Statements, remarks, arguments, and objections by counsel and remarks of the Court not directed to you are not evidence. You are to consider only the evidence in the case and the reasonable inferences from that evidence. An inference is a conclusion that follows as a matter of reason and common sense from the evidence.

Evidence may be either direct or circumstantial. Circumstantial evidence is the proof of facts or circumstances from which the existence or nonexistence of other facts may reasonably be inferred. All other evidence is direct evidence. The law makes no distinction between the effect of direct evidence and circumstantial evidence. The weight of evidence is not necessarily determined by the number of witnesses testifying to a particular fact.

Any finding of fact you make much be based on probabilities, not possibilities. You should not guess or speculate about a fact.

You must not be influenced by sympathy, bias, or prejudice for or against any party in this case.

4

**STIPULATED**

**JURY INSTRUCTION NO. 4**

**DEPOSITIONS AND PRIOR TESTIMONY AS EVIDENCE**

Certain testimony may be introduced into evidence from a deposition.  A deposition is testimony taken under oath before the trial.

You are to consider deposition testimony as if it had been given before you from the witness stand.

5

**STIPULATED**

**JURY INSTRUCTION NO. 5**

**DETERMINING CREDIBILITY OF WITNESSES**

You are the sole judges of the credibility of the witnesses and the weight to be given their testimony. You should take into consideration their means of knowledge, strength of memory and opportunities for observation; the reasonableness or unreasonableness of their testimony; the consistency or lack of consistency in their testimony; their motives; whether their testimony has been contradicted or supported by other evidence; their bias, prejudice or interest, if any; their manner or demeanor upon the witness stand; and all other facts and circumstances shown by the evidence which affect the credibility of the witnesses.

Certain witnesses may be qualified as an expert by education, training, or experience, and may state opinions. You should judge expert testimony just as you would judge any other testimony. You should give the testimony the importance you think it deserves, considering the witness's qualifications, the reasons for the opinions, and all of the other evidence in the case.

Based on these considerations, you may believe all, part or none of the testimony of a witness.

6

**STIPULATED**

**JURY INSTRUCTION NO. 6**

**HIGHLIGHTED AND DEMONSTRATIVE EXHIBITS**

The lawyers have highlighted certain parts of some exhibits.  However, it is for you to determine the significance of the highlighted parts.

The demonstrative charts, graphics, or visual aids prepared by Plaintiffs and KFC have been presented for the purpose of helping you evaluate facts disclosed by testimony, books, records and other documents that are evidence in the case.  If these demonstrative charts, graphics, or visual aids do not correctly reflect facts or figures shown by the evidence in the case, you should disregard them.

7

**DISPUTED**

**PLAINTIFFS'** PROPOSED JURY INSTRUCTION NO. **7**

**BREACH OF CONTRACT BY BREACH OF GOOD FAITH AND FAIR DEALING**

For the plaintiffs, Zubair Kazi and KFC of Pueblo, Inc. to recover from the defendant, KFC US, LLC, on their claim of bad faith breach of contract, you must find the following has been proved by a preponderance of the evidence:

1. KFC failed to act in good faith.

If you find that this statement has not been proved, then your verdict must be for the defendant, KFC.

On the other hand, if you find that this statement has been proved, then your verdict must be for the plaintiffs.

**Commented [RBJ1]:** First, the Court advises both parties that they should want the instructions to be correct, not necessarily the most helpful to their side of the case. Instructional error is a ground for reversal. You surely do not wish to lose your judgment, whether in favor of the plaintiff or the defendant, because of an incorrect instruction. Second, this instruction is too brief and is not acceptable.

**Sources:**

*Farmers Bank & Tr. Co. of Georgetown, Kentucky v. Willmott Hardwoods, Inc.*, 171 S.W.3d 4, 11 (Ky. 2005) (*citing Ranier v. Mount Sterling National Bank*, 812 S.W.2d 154, 156 (Ky. 1991) ("Within every contract, there is an implied covenant of good faith and fair dealing, and contracts impose on the parties thereto a duty to do everything necessary to carry them out."); *Beech Creek Coal Co. v. Jones, Ky.*, 262 S.W.2d 174, 176 (1953) ("a contract includes not only the promises made in express words, but also includes all provisions which might have been expressed and which are indispensable to effectuate the intentions of the parties, keeping in mind, of course, the circumstances under which the contract is made)
.

8

==DISPUTED==

==DEFENDANT'S== **PROPOSED JURY INSTRUCTION NO. 7**

**BREACH OF CONTRACT BY BREACH OF GOOD FAITH AND FAIR DEALING**

Plaintiffs allege that KFC breached the implied covenant of good faith and fair dealing, which is a type of a claim for breach of contract.  You may find in favor of Plaintiffs only if you determine that Plaintiffs have proven by a preponderance of the evidence all of the following elements:

[1]     That a contract existed between Plaintiffs and KFC;

[2]     That Plaintiffs performed their obligations under the contract;

[3]     That KFC committed a material breach of the contract; and

[4]     That KFC's breach caused damages to the Plaintiffs.

The parties do not dispute that a contract existed between them in the form of the franchise agreement.

The "material breach" that Plaintiffs allege is a breach of the implied covenant of good faith and fair dealing, which the parties dispute.

The parties dispute the other elements.

**<u>Sources</u>**

Court's Motion to Dismiss Order (Dkt. No. 32):  "[A] claim for breach of the covenant of good faith and fair dealing . . . is technically a breach of contract claim but for breach of an implied covenant instead of an express term."

*Combs v. Int'l Ins. Co.*, 163 F. Supp. 2d 686, 695 (E.D. Ky. 2001) ("[Plaintiff] acknowledges that the [good faith covenant] cause of action is a claim for breach of a contractual term[.]"), *aff'd*, 354 F.3d 568 (6th Cir. 2004); *see also Epps Chevrolet Co. v. Nissan N. Am., Inc.*, 99 F. Supp. 3d 692, 703 (E.D. Ky. 2015) (a claim for good-faith-covenant violations is "a claim for breach of an implied term of a contract").

9

**Commented [RBJ2]:** This is simply a breach of contract instruction.  It does not capture the difference between an ordinary breach and a breach of the covenant of good faith and fair dealing.  An appropriate instruction would include (1) there is a contract between the parties; (2) implied in the contract is the covenant of good faith and fair dealing that the contracting parties owe to each other; (3) the implied covenant requires the parties to do everything necessary to carry out the parties' obligations under the contract, including exercising any discretion they have under the terms of the contract consistently with the opposing party's reasonable expectations; and (4) the implied covenant forbids the parties from acting in deliberate bad faith in carrying out their obligations under the contract.

Then you need a definition of "bad faith."  I think a reasonable definition, essentially taken from the Combs case, would be something like this: "Bad faith" means that the party did not act honestly, openly and sincerely, without deceit or fraud.

This could all be built into one elements instruction and would moot you proposals on pages 8-11.

==DISPUTED==

==PLAINTIFFS'== **PROPOSED JURY INSTRUCTION NO. 8**

**GOOD FAITH AND FAIR DEALING**

Every contract requires the parties to act in good faith and to deal fairly with each other in performing or enforcing the express terms of the contract.

A party performs a contract in good faith when its actions are consistent with the agreed common purpose and with the reasonable expectations of the parties. The duty of good faith and fair dealing is breached when a party acts contrary to that agreed common purpose and the parties' reasonable expectations.

A contracting party impliedly obligates himself to cooperate in the performance of his contract and the law will not permit him to take advantage of an obstacle to performance which he has created or which lies within his power to remove.

**Sources:**
CJI-Civ 30:16; *Farmers Bank & Tr. Co. of Georgetown, Kentucky v. Willmott Hardwoods, Inc*., 171 S.W.3d 4, 11 (Ky. 2005) (*citing Ranier v. Mount Sterling National Bank*, 812 S.W.2d 154, 156 (Ky. 1991) ("Within every contract, there is an implied covenant of good faith and fair dealing, and contracts impose on the parties thereto a duty to do everything necessary to carry them out."); *Beech Creek Coal Co. v. Jones, Ky*., 262 S.W.2d 174, 176 (1953) (contracts impose on the parties thereto a duty to do everything necessary to carry them out).
*PBI Bank, Inc. v. Signature Point Condos. LLC*, 535 S.W.3d 700 (Ky. Ct. App. 2016)(citing 23 *Williston on Contracts* § 63:22 (4th ed. 2004) (""A contracting party impliedly obligates himself to cooperate in the performance of his contract and the law will not permit him to take advantage of an obstacle to performance which he has created or which lies within his power to remove." *Ligon v. Parr*, 471 S.W.2d 1, 3 (Ky. 1971) (quoting *Gulf, Mobile & Ohio R.R. Co. v. Ill. Cent. R.R. Co.*, 128 F. Supp. 311, 324 (N. D. Ala. 1954) ("A contracting party impliedly obligates himself to cooperate in the performance of his contract and the law will not permit him to take advantage of an obstacle to performance which he has created or which lies within his power to remove.")

<mark>DISPUTED</mark>

<mark>DEFENDANT'S</mark> PROPOSED JURY INSTRUCTION NO. 8

**GOOD FAITH AND FAIR DEALING**

The breach that Plaintiffs allege against KFC is a breach of the implied covenant of good faith and fair dealing.  Every contract implies a covenant of good faith and fair dealing, which requires the parties to do everything necessary to carry the contract out.  To establish a breach of the implied covenant, Plaintiffs have the burden of proving by a preponderance of the evidence that KFC acted with deliberate and conscious bad faith to deprive Plaintiff Kazi of the benefits of the parties' contract.

Bad faith is characterized by conduct such as dishonesty or acting without legitimate business reasons.  Mistake or negligence is not indicative of bad faith.  Acting according to the terms of a contract is not a violation of the implied covenant of good faith and fair dealing.

**Sources**

Court's Summary Judgment Order (Dkt. No. 64):  "Establishing breach of the covenant requires showing deliberate and conscious bad faith.  *In re Russell Cave Co., Inc.*, 125 F. App'x 27, 30 (6th Cir. 2005) (unpublished)."

*J.P. Morgan Chase Bank, N.A. v. Acordia, Inc.*, No. 04-143-JBC, 2006 WL 8445400, at *5 (E.D. Ky. 2006) ("deliberate and affirmative bad faith"); *Combs v. Int'l Ins. Co.*, 163 F. Supp. 2d 686, 696 (E.D. Ky. 2001) ("dishonesty" and "deceit"); *see also Pearman v. W. Point Nat'l Bank*, 887 S.W. 2d 366, 368 & n.3 (Ky. Ct. App. 1994) (similar definition); *Rivermont Inn, Inc. v. Bass Hotels & Resorts, Inc.*, 113 S.W.3d 636, 643 (Ky. App. Ct. 2003) (no breach for "legitimate business concerns").

**DISPUTED**

**PLAINTIFF'S** PROPOSED JURY INSTRUCTION NO. 9

### DAMAGES

If you find in favor of the plaintiffs, Zubair Kazi and KFC of Pueblo, Inc. on their claim for breach of the implied covenant of good faith and fair dealing, then you may award them damages.

To award damages, you must find by a preponderance of the evidence that the plaintiffs had damages as a result of the breach, and you must determine the amount of those damages.

If you find in favor of the plaintiffs, but do not find any damages, you shall award plaintiffs nominal damages.

"Damages" are the amount required to compensate the plaintiffs for losses that are the natural and probable consequence of the defendant's breach.

Damages that are a "natural" result of a breach are those that an ordinary person of common experience would expect to follow from a breach.

Damages are "probable" if they were reasonably foreseeable when the contract was made and would likely occur if the contract were breached.

Damages may include the profits Plaintiffs have lost and will lose in the future as a result of the breach.

If you find in favor of the plaintiffs, but do not award any damages, you shall award the plaintiffs nominal damages in the sum of one dollar.

**Sources**

*Perkins Motors, Inc. v. Autotruck Fed. Credit Union*, 607 S.W.2d 429, 430 (Ky. Ct. App. 1980) ("It is well established in this jurisdiction that the measure of damages for breach of contract is that sum which will put the injured party into the same position he would have been in had the contract been performed.")

*Kentucky Utilities Co. v. Warren Ellison Cafe*, 21 S.W.2d 976, 978 (Ky. Ct. App. 1929) ("[T]he loss of anticipated profits may be recovered when they can be legally ascertained, and when there is no lack of certainty on account of being too remote, conjectural, and speculative.").

12

**Commented [RBJ3]:** Defendant's proposal seems both correct and simpler. I do not understand why the parties are disputing the damages instruction or why plaintiff prefers this one to the defendant's version (with the brackets removed).

**DISPUTED**

**DEFENDANT'S** PROPOSED JURY INSTRUCTION NO. 9

**DAMAGES**

If you find that Plaintiffs have proven the other elements of their claim, Plaintiffs have the burden of proving by a preponderance of the evidence the nature and extent of any damages caused by a breach of the implied duty of good faith and fair dealing by KFC.

The purpose of damages in a contract case is to put the injured party in the position it would have been in had the contract been performed.  A party should not be awarded damages that put it in a better position than it would have enjoyed had the contract been performed.

[Lost future profits may be included in a damages award if proven with reasonable certainty, but remote, conjectural, or speculative damages are not permitted.]

**Sources**

*Perkins Motors, Inc. v. Autotruck Fed. Credit Union*, 607 S.W.2d 429, 430 (Ky. Ct. App. 1980) ("It is well established in this jurisdiction that the measure of damages for breach of contract is that sum which will put the injured party into the same position he would have been in had the contract been performed.")
*Kentucky Utilities Co. v. Warren Ellison Cafe*, 21 S.W.2d 976, 978 (Ky. Ct. App. 1929) ("[T]he loss of anticipated profits may be recovered when they can be legally ascertained, and when there is no lack of certainty on account of being too remote, conjectural, and speculative.").

13

**DISPUTED**

**PLAINTIFFS' ADDITIONAL PROPOSED JURY INSTRUCTION NO. 10**

You have heard (the parties stipulate or agree to the existence of a fact) (or) (that a fact has been admitted). This (agreement) (admission) makes the presentation of any evidence to prove this fact unnecessary. The (agreement) (admission) means that you must accept this fact (these facts) as true.

1. Plaintiffs' Trial Exhibit _____ is a true, accurate, genuine and authentic copies of the latest Renewal and Addendum related to the franchise agreement for the Pueblo Outlet.

2. Plaintiffs' Trial Exhibit _____ is a true, accurate, genuine and authentic copy of KFC's published guidelines pertaining to the licensure or franchising of new outlets which were in effect in 2019.

3. Kazi's Request for the Impact Study was made in compliance with KFC's Guidelines.

4. The required fee for the Impact Study was timely paid.

5. The Impact Study was performed by James Andrew Group ("JAG").

**Commented [RBJ4]:** A point is stipulated only if both parties agree to it. The Court expects both parties to stipulate to points that are not truly disputed. With respect to documents, the Court expects the parties to stipulate to authenticity unless there is a good faith belief that the document is not what it purports to be, that is, that it is a forgery or something like that. The Court expects the parties to stipulate to admissibility unless there is a good faith objection based on an identifiable rule of evidence. There should not be situations where there was no stipulation but when offered at trial the opposing party says "no objection."

14

==DISPUTED==

==**PLAINTIFFS'**__ ADDITIONAL__ PROPOSED JURY INSTRUCTION NO. 11==

> Commented [RBJ5]: Construction of a contract is a matter of law for the Court, not for the jury.  I agree with defendant's objection.

Any dispute over the meaning of any unclear terms must be decided against the party who prepared the contract if the other party had no opportunity to select the words written in the contract.

Where there is an inconsistency between general and specific provisions in a contract, the specific provisions express more exactly what the parties intended.

**Sources:**

*Miniard v. Turner*, 516 S.W.3d 814 (Ky. Ct. App. 2017) (When a contract is prepared by one party, the document must be construed more strongly against that party); *Hach Co. v. In-Situ, Inc.,* Civil Action No. 13-cv-02201-CBS, 2016 U.S. Dist. LEXIS 194068 at *10 (D. Colo. Nov. 22, 2016) ("in determining the meaning of any unclear terms, the jury was to decide against the party who prepared the contract if the other party had no opportunity to select the words used in the contract").

Restat 2d of Contracts, § 203(c) ("specific terms and exact terms are given greater weight than general language); *FDIC v. Kan. Bankers Sur. Co.*, 105 F. Supp. 3d 1234, 1244, n.4 (D. Colo. 2015) (citing *-470 Pub. Highway Auth. v. Jagow*, 30 P.3d 798, 801 (Colo. App. 2001), *aff'd*, 49 P.3d 1151 (Colo. 2002) ("it is a basic principle of contract interpretation that a mor specific provision controls the effect of general provisions") .

15

==DISPUTED==

==**PLAINTIFFS'** **ADDITIONAL**== **PROPOSED JURY INSTRUCTION NO. 12**

You must find that a person knew a fact, if (he) (she) had information that would have led a reasonable person to inquire further and that inquiry would have revealed that fact.

> **Commented [RBJ6]:** I don't understand what this instruction is meant to address. What is the dispute that might trigger this instruction?

**Sources:**

CJI-Civ 30:16; *Martinez v. Affordable Hous. Network, Inc.,* 123 P.3d 1201, 1207 (Colo. 2005) (once there is a duty to inquire, the individual will be charged with all knowledge that a reasonable investigation would have revealed).

16

IN THE UNITED STATES DISTRICT COURT IN AND FOR THE

DISTRICT OF COLORADO

Civil Action No. 19-CV-03300-RBJ

| | | |
|---|---|---|
| ZUBAIR KAZI and KFC OF PUEBLO, INC., | ) | |
| Plaintiffs, | ) | |
| v. | ) | VERDICT |
| KFC US, LLC | ) | |
| Defendant. | ) | |

We, the jury, find (check one):

[____] FOR Plaintiffs on their claim of breach of good faith and fair dealing.

[____] AGAINST Plaintiffs on their claim of breach of good faith and fair dealing.

[Only if you have found FOR Plaintiffs, complete the next line:]

We award damages of $_____ for the Plaintiffs and against the Defendant, KFC.

_____         _____
                                                                    Foreperson

_____         _____

_____         _____

17

**Commented [RBJ7]:** Apparently you are still discussing the verdict form. This one is basically ok. However, it should say, at a minimum, "We, the jury, unanimously find the following (check one):"

You need an instruction that states that the jury's verdict must be unanimous. The standard "the bailiff will now escort you . . . " instruction in CJI, 4:2, would do if the first paragraph is omitted.

_____

Dated:  June 4, 2021                 Respectfully submitted,

**CAMPBELL KILLIN BRITTAN & RAY, LLC**

*/s/ Bruce Rohde*
Bruce E. Rohde, #11465
Campbell Killin Brittan & Ray, LLC
270 St. Paul Street, Suite 200
Denver, Colorado 80206
Phone: 303-322-3400
Fax: 303-322-5800
BRohde@ckbrlaw.com
MPflueger@ckbrlaw.com

**Attorneys for Plaintiffs**

19

**CERTIFICATE OF SERVICE**

I, the undersigned, certify that on this 4th day of June, 2021, a true and correct copy of the foregoing **PARTIES' STIPULATED AND CONTESTED PROPOSED JURY INSTRUCTIONS** was served via e-mail on the following:

Daniel W. Bobier
Daniel J. Weiss
Jenner & Block, LLP
353 N. Clark Street
Chicago, IL 60654
Phone: 312-923-4517
dweiss@jenner.com
dbobier@jenner.com
Attorneys for Defendant, KFC US, LLC

_s/Samantha Merrick_____
Samantha Merrick, Paralegal

20