# EXHIBIT D

| | |
|---|---|
| **From:** | Weiss, Daniel J. |
| **Sent:** | Thursday, June 24, 2021 11:53 AM |
| **To:** | Jackson Chambers |
| **Cc:** | Bruce Rohde; Bill Brittan; Bobier, Daniel W.; Hughes, W. Michael |
| **Subject:** | Kazi v. KFC - 19-cv-3300 |
| **Attachments:** | CHICAGO-#3038849-v1-Supplemental_Juror_Questionnaire_Kazi_v__KFC_Draft_6-18-2021.docx; CHICAGO-#3037466-v5-Revised_JIs_Kazi.DOCX |

**Dear Ms. DeRosa,**

**I write on behalf of defendant. I am attaching to this email:**

1. **A copy of the jury instructions, revised as ordered by Judge Jackson at the hearing on June 22.**
2. **Defendant's proposed supplemental jury questionnaire, which we have shared with plaintiffs.**

**Please let us know if the Court would like us to handle these documents another way, or if the Court has any questions.**

**Thank you – Dan Weiss**

## Daniel J. Weiss

**Jenner & Block LLP**
353 N. Clark Street, Chicago, IL 60654-3456  |  jenner.com
+1 312 923 4517 | TEL
+1 312 961 7877 | MOBILE
DWeiss@jenner.com
Download V-Card  |  View Biography

CONFIDENTIALITY WARNING: This email may contain privileged or confidential information and is for the sole use of the intended recipient(s). Any unauthorized use or disclosure of this communication is prohibited. If you believe that you have received this email in error, please notify the sender immediately and delete it from your system.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

ZUBAIR KAZI and KFC OF PUEBLO, INC,
             Plaintiffs,

    v.                                              Civil Action No. 19-cv-03300-RBJ

KFC US, LLC,
             Defendant.

**JURY INSTRUCTIONS**

1

# JURY INSTRUCTION NO. 1

## DESCRIPTION OF PARTIES' POSITIONS

This case concerns a dispute between Mr. Kazi and his company on the one hand and KFC on the other. Mr. Kazi and his company operate a franchised KFC restaurant in Pueblo, Colorado. Mr. Kazi operates that restaurant pursuant to a franchise agreement with KFC. KFC is the franchisor; it owns the KFC brand and recipes and licenses them to franchisees like Mr. Kazi to operate restaurants.

In 2019, KFC approved an application by a different franchisee, by the name of Denis Schoenhofer, to open a new KFC restaurant on the north side of Pueblo. The parties' dispute concerns that decision.

Mr. Kazi alleges that KFC breached the implied duty of good faith and fair dealing by licensing the new outlet. Mr. Kazi alleges that KFC's decision to license the new outlet violated KFC's guidelines concerning the sales impact that a new restaurant may have on an existing restaurant. Mr. Kazi seeks damages for the profits he claims he has lost and will lose in the future to the new restaurant.

KFC denies those allegations. KFC asserts that it made a reasonable business decision in good faith to license the new restaurant. KFC further asserts that the franchise agreement and the guidelines allowed KFC to license the new restaurant. Finally, KFC states that Mr. Kazi's claim to lost profits is speculative and unfounded.

# JURY INSTRUCTION NO. 2
## BURDEN OF PROOF — PREPONDERANCE OF THE EVIDENCE

The "burden of proof" means the obligation a party has to prove its claims or defenses. In this case, Plaintiffs have the burden of proving their claim by what is called a preponderance of the evidence. The party with the burden of proof can use evidence produced by any party to persuade you.

Proof by a "preponderance of the evidence" means proof that something is more likely true than not. It means that certain evidence, when compared to the evidence opposed to it, has the more convincing force and makes you believe that something is more likely true than not. Preponderance of the evidence does not necessarily depend on the number of witnesses.

If a party fails to meet its burden of proof as to any claim, or if the evidence weighs so evenly that you are unable to say that there is a preponderance on either side, you must reject that claim.

Those of you who are familiar with criminal cases will have heard the term proof beyond a reasonable doubt. That burden does not apply in a civil case, and you should therefore put it out of your mind in considering whether or not a party has met its burden of proof on various issues.

# JURY INSTRUCTION NO. 3

## EVIDENCE IN THIS CASE

The evidence in the case consists of the sworn testimony of all the witnesses, all exhibits which have been received in evidence, all facts which have been admitted or agreed to, all facts and events which have been judicially noticed, and all presumptions stated in these instructions.

In deciding the facts, you must consider only the evidence received at trial. Evidence offered at the trial and rejected or stricken by the Court must not be considered by you. Statements, remarks, arguments, and objections by counsel and remarks of the Court not directed to you are not evidence. You are to consider only the evidence in the case and the reasonable inferences from that evidence. An inference is a conclusion that follows as a matter of reason and common sense from the evidence.

Evidence may be either direct or circumstantial. Circumstantial evidence is the proof of facts or circumstances from which the existence or nonexistence of other facts may reasonably be inferred. All other evidence is direct evidence. The law makes no distinction between the effect of direct evidence and circumstantial evidence. The weight of evidence is not necessarily determined by the number of witnesses testifying to a particular fact.

Any finding of fact you make much be based on probabilities, not possibilities. You should not guess or speculate about a fact.

You must not be influenced by sympathy, bias, or prejudice for or against any party in this case.

## JURY INSTRUCTION NO. 4

## DEPOSITIONS AND PRIOR TESTIMONY AS EVIDENCE

Certain testimony may be introduced into evidence from a deposition. A deposition is testimony taken under oath before the trial.

You are to consider deposition testimony as if it had been given before you from the witness stand.

# JURY INSTRUCTION NO. 5

## DETERMINING CREDIBILITY OF WITNESSES

You are the sole judges of the credibility of the witnesses and the weight to be given their testimony.  You should take into consideration their means of knowledge, strength of memory and opportunities for observation; the reasonableness or unreasonableness of their testimony; the consistency or lack of consistency in their testimony; their motives; whether their testimony has been contradicted or supported by other evidence; their bias, prejudice or interest, if any; their manner or demeanor upon the witness stand; and all other facts and circumstances shown by the evidence which affect the credibility of the witnesses.

Certain witnesses may be qualified as an expert by education, training, or experience, and may state opinions.  You should judge expert testimony just as you would judge any other testimony.  You should give the testimony the importance you think it deserves, considering the witness's qualifications, the reasons for the opinions, and all of the other evidence in the case.

Based on these considerations, you may believe all, part or none of the testimony of a witness.

**JURY INSTRUCTION NO. 6**

**HIGHLIGHTED AND DEMONSTRATIVE EXHIBITS**

The lawyers have highlighted certain parts of some exhibits. However, it is for you to determine the significance of the highlighted parts.

The demonstrative charts, graphics, or visual aids prepared by Plaintiffs and KFC have been presented for the purpose of helping you evaluate facts disclosed by testimony, books, records and other documents that are evidence in the case. If these demonstrative charts, graphics, or visual aids do not correctly reflect facts or figures shown by the evidence in the case, you should disregard them.

## JURY INSTRUCTION NO. 7

## BREACH OF IMPLIED DUTY OF GOOD FAITH AND FAIR DEALING

Plaintiffs allege in this case that KFC breached the implied covenant of good faith and fair dealing, which is a type of a claim for breach of contract. The contract between the parties is the franchise agreement.

In every contract, there is an implied duty of good faith and fair dealing, which is a duty that both parties to a contract owe one another. The implied duty requires the parties to do everything necessary to carry out each party's obligations under the contract, including exercising discretion under the contract in a manner consistent with the other party's reasonable expectations.

To establish that KFC breached the implied duty of good faith and fair dealing, Plaintiffs must prove by a preponderance of the evidence that KFC acted in deliberate or conscious bad faith in carrying out its obligations under the parties' contract. "Bad faith" means that a party did not act honestly, openly, and sincerely, or that a party acted with deceit or fraud.

**PROPOSED JURY INSTRUCTION NO. 8**

**DAMAGES**

If you find that Plaintiffs have proven the other elements of their claim, Plaintiffs have the burden of proving by a preponderance of the evidence the nature and extent of any damages caused by a breach of the implied duty of good faith and fair dealing by KFC.

The purpose of damages in a contract case is to put the injured party in the position it would have been in had the contract been performed. A party should not be awarded damages that put it in a better position than it would have enjoyed had the contract been performed.

Lost future profits may be included in a damages award if proven with reasonable certainty, but remote, conjectural, or speculative damages are not permitted.

IN THE UNITED STATES DISTRICT COURT IN AND FOR THE
DISTRICT OF COLORADO

Civil Action No. 19-CV-03300-RBJ

ZUBAIR KAZI and KFC OF PUEBLO, INC.,   )
    Plaintiffs,   )
    v.   )      VERDICT
KFC US, LLC   )
    Defendant.   )

On the question of whether Plaintiffs have proven by a preponderance of the evidence that KFC breached the implied duty of good faith and fair dealing, we, the jury, unanimously find:

[\_\_\_] In favor of PLAINTIFFS, Zubair Kazi and KFC of Pueblo, Inc.

[\_\_\_] In favor of DEFENDANT, KFC.

[Complete the next line only if you have found in favor of Plaintiffs:]

We, the jury, unanimously award damages of $_____ for the Plaintiffs and against the Defendant, KFC.

_____   _____
                                                                 Foreperson
_____   _____

_____   _____

_____   _____

**JUROR #:**_____          **Name:**_____

## SUPPLEMENTAL JUROR QUESTIONNAIRE

**Thank you for taking the time to fill out this questionnaire. These questions could be asked in open court. You are given more privacy by answering them in this questionnaire. You are under oath and required to answer truthfully. The information that you give in response to this questionnaire will be used only the court and the lawyers to select a qualified jury. Please put your Juror# and Name at the top of each page.**

1. Current address: _____

2. Length of time at current residence: _____ years

3. Current residence: ____Own home  ____ Rent  ____ Live with parents/relative

4. Other residences in past 20 years (City, State): _____

5. Current occupation (indicate if retired or unemployed): _____

6. Other jobs in past 20 years: _____

7. What is the highest level of education you have completed:

   ____   Less than high school    ____   High school diploma/GED
   ____   Technical training/vocational school/trade school/associate degree
   ____   Some college (Area of study:_____)
   ____   College graduate (Area of study:_____)
   ____   Graduate degree (Area of study:_____)

8. Marital Status: _____Single  ____ Married  ____ Divorced ____ Separated _____ Widowed

9. How many children do you have? _____ What are their ages?_____

10. Have you ever held a management or supervisory position? ____ Yes       ____ No

11. Are you the person who has primary responsibility for the finances in your household (e.g., pays the bills, manages bank accounts/investments, etc.)?   _____Yes_____No

12. Have you or anyone close to you ever had any experience, training, education or association in any of the following areas? (Check all that apply)

| | YES, SELF | YES, SOMEONE CLOSE | NO |
|---|---|---|---|
| a. Franchises | | | |
| b. Restaurant/Food Service | | | |
| c. Law/Legal Field | | | |
| d. Business valuation | | | |

**If yes to any of the above,** please state the corresponding letter (a,b,c, etc.) and explain your (their) experience: _____
_____

13. Have you or any member of your immediate family owned or operated your own business? _____ Yes _____ No If Yes, please explain. _____

**JUROR #:**_____                    Name:_____

14. What are your favorite 3 TV/Streaming Service Shows?_____
_____

15. What is your major source of news (e.g., newspapers, TV, Internet, Social Media, etc.)?
_____

16. What newspapers, magazine or journals (print or online) do you read regularly?
_____

17. List 3 public figures you admire the most: _____

18. List 3 public figures you admire the least: _____

19. What groups/organizations do you belong to? _____

20. What hobbies do you have or what do you like to do in your spare time? _____
_____

21. What languages other than English do you speak (indicate if fluent or proficient)? _____

22. Which of the following would you use to BEST describe yourself **(Circle Top 5 choices)**

| | | | | | |
|---|---|---|---|---|---|
| Analytical | Careful | Compassionate | Detail-oriented | Emotional | Frugal |
| Impulsive | Judgmental | Old-fashioned | Open-minded | Pro-Business | Pro-consumer |
| Skeptical | Suspicious | Self-reliant | Worrier | Organized | Economical |
| Generous | Sensitive | Thoughtful | Trusting | Cynical | Entrepreneurial |

23.     Have you, a close friend, or family member ever owned or otherwise been involved with operating a franchise? ____ Yes _____ No  If Yes, please explain.
_____

24. Have you, a close friend, or family member ever been involved with any sort of business dispute? _____ Yes _____ No  If Yes, please explain. _____
_____

25. Have you or an immediate family member ever filed for bankruptcy? _____ Yes _____ No _____ If Yes, please explain: _____

26. Have you or immediate family member ever lost money on an investment?  _____ Yes _____ No _____ If Yes, please explain: _____

27. Do you have anything you would like to share with us that you would consider important for us to know about you that may impact or ability or willingness to serve on this jury? _____ Yes _____ No If Yes, please explain. _____
_____

I hereby swear or affirm that all the answers contained in this juror questionnaire are true and correct.

_____   _____
Juror's Signature                                                        Date