**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

ZUBAIR KAZI and KFC OF PUEBLO, INC,

                              Plaintiffs,                    Civil Action No. 19-cv-03300-RBJ
                    v.
KFC US, LLC,                                                 Hon. R. Brooke Jackson

                              Defendant.

**DEFENDANT KFC'S OPPOSITION TO**
**PLAINTIFFS' MOTION FOR AWARD OF ATTORNEYS' FEES [DKT. 113]**

KFC respectfully submits this opposition to Plaintiffs' Motion for Award of Attorneys'
Fees (and Request for Leave to Supplement Request if Granted) (Dkt. 113).

## Argument

Plaintiffs' motion must be denied.  Plaintiffs request an "equitable" award of attorneys'
fees under Kentucky law, but the Kentucky Supreme Court has twice held in recent years that such
awards are not permitted under that state's law.  The earlier cases that Plaintiffs rely upon in their
motion are not good law.  An award of attorneys' fees is permitted under Kentucky law only when
authorized by a statutory or contractual fee-shifting provision.  No such provision applies here.
There is thus no legal basis for an award of attorneys' fees in this case.

Historically, some courts in Kentucky awarded attorneys' fees to a prevailing party based
on equitable considerations or the court's inherent authority.  But in *Bell v. Commonwealth*, 423
S.W.3d 742 (Ky. 2014), the Kentucky Supreme Court rejected that practice.  The court held that
Kentucky law does not allow for an award of attorneys' fees "unless there is a statute permitting
it or as a term of a contractual agreement between the parties," or as a "sanction" when the
"integrity of the court" is at issue.  *Id.* at 748.  The court rejected prior cases making "equitable"
awards of attorneys' fees as "misguided."  *Id.* at 749.  The court affirmed the "American Rule"

1

and found that courts applying Kentucky law "may not award attorneys' fees just because they think it is the right thing to do in a given case." *Id.* at 750.

The Kentucky Supreme Court reiterated those holdings in *Seeger v. Lanham*, 542 S.W.3d 286 (Ky. 2018). There, the court confirmed that, under Kentucky law, "[a] court is no longer imbued with equitable power to award attorneys' fees." *Id.* at 294. Thus, "without a sound basis in contract or statute, a trial court may not award attorneys' fees." *Id.* at 295. The court further confirmed that prior decisions awarding "attorneys' fees as an equitable measure" were no longer good law. *Id.* at 294.

The cases that Plaintiffs rely upon in their motion are not good law after *Bell* and *Seeger.* Plaintiffs cite *Kentucky State Bank v. AG Services*, 663 S.W.2d 754 (Ky. App. 1984), but that case was explicitly recognized as overruled in *Seeger.* 542 S.W.3d at 294. The other cases Plaintiffs cite also relied on the rejected *Kentucky State Bank* or other cases following it prior to *Seeger.*[1] Plaintiffs do not even mention the controlling Kentucky law cases in their motion.

Thus, following *Bell* and *Seeger*, there is no legal basis for an award of attorneys' fees absent a statutory or contractual fee-shifting provision. Here, Plaintiffs do not even attempt to identify any such provision; none applies to this case. There is no relevant statute. The franchise agreement likewise contains no applicable provision. The only provision in the agreement addressing attorneys' fees applies only in a case instituted by KFC, not a case instituted by a franchisee. (Trial Ex. 21-020 § 20.3 ("If KFC institutes . . . an[] action").) On its face, that

---

[1] With one exception, all of Plaintiffs' cases predate *Bell* and *Seeger* and thus do not reflect the current law. The one exception, *Mo-Jack Distrib. v. Tamarak Snacks, LLC*, 476 S.W.3d 900 (Ky. App. Ct. 2015), from an intermediate appellate court, post-dates *Bell* but pre-dates *Seeger*. *Mo-Jack* relied on *Batson v. Clark*, 980 S.W.2d 566 (Ky. App. Ct. 1998), which, in turn, relied on *Kentucky State Bank*, which was expressly rejected in *Seeger*. In any event, *Mo-Jack* held only that a court may make an equitable award of attorneys' fees when "punitive damages are available." 476 S.W.3d at 911. That holding has no application here.

provision does not apply to this case, which was instituted by Plaintiffs.  In short, Plaintiffs' request for an "equitable" award of fees is barred by Kentucky law and there is no other legal basis for an award of attorneys' fees in this case.

Although unnecessary to decide the motion, Plaintiffs' motion should also be denied for the additional reason that it does not comply with Local Rule 54.3.  The motion is not supported by an affidavit or any of the required information about Plaintiffs' fee request.

### Conclusion

KFC respectfully requests that the Court deny Plaintiffs' motion.


Dated:  August 10, 2021

Respectfully submitted,

KFC US, LLC
By:  /s/ Daniel J. Weiss _____
     One of Its Attorneys

Daniel J. Weiss
dweiss@jenner.com
Daniel W. Bobier
dbobier@jenner.com
JENNER & BLOCK LLP
353 North Clark Street
Chicago, Illinois  60654
Telephone:  (312) 923-4517

## CERTIFICATE OF SERVICE

I, Daniel J. Weiss, an attorney, certify that on August 10, 2021, I caused the foregoing to be served on the following counsel of record by electronic mail:   Bruce E. Rohde <BRohde@ckbrlaw.com> and Margaret R. Pflueger <MPflueger@ckbrlaw.com>.


                                                    s/Daniel J. Weiss