IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge R. Brooke Jackson

Civil Action No 19-cv-03300-RBJ

ZUBAIR KAZI and KFC of Pueblo, INC,

    Plaintiffs,

v.

KFC US, LLC,

    Defendant.

## ORDER ON POST-TRIAL MOTIONS

This matter is before the Court on plaintiffs' motion to for an award of prejudgment interest, ECF No. 112, and defendant's renewed motion for judgment as a matter of law, ECF No. 123. Plaintiffs' motion is granted in part and denied in part. Defendant's motion is denied.

### I. BACKGROUND

This case concerns a dispute between KFC and a Pueblo, Colorado franchisee, Zubair Kazi. In 2019 KFC approved an application for another individual to open a second KFC restaurant in Pueblo. Mr. Kazi and his restaurant sued, claiming that KFC's decision violated KFC's guidelines concerning the sales impact a new restaurant might have on an existing restaurant, and by so doing, KFC breached the duty of good faith and fair dealing implied in his franchise agreement with KFC. He sought damages for lost profits he claims to have lost since the second franchise opened and profits he claimed he would lose to the new restaurant in the

future.  In response KFC asserted that its guidelines and the franchise agreement allowed KFC to license the new restaurant; that it made a reasonable business decision in good faith; and that Mr. Kazi's claim to lost profits was speculative and unfounded.

The case was tried to a jury June 28-July 2, 2021.  The jury found in plaintiffs' favor and awarded damages of $792,239.00.  ECF No. 109 (jury verdict, juror names redacted).  The Court entered its final judgment in favor of the plaintiffs in that amount plus costs on July 7, 2021. ECF No. 111.  The Final Judgment indicated that an Amended Final Judgment would be entered after consideration of pre-and post-judgment interest and attorney's fees.  It directed counsel to confer and to make a good faith effort to resolve those issues, indicating that if resolution were not achieved, then the parties should set an evidentiary hearing on those issues.  *Id.*

Plaintiffs subsequently filed a motion for an award of prejudgment interest.  ECF No. 112.  Plaintiff separately filed a motion for an award of attorney's fees, but that motion was later withdrawn.  Defendant filed a renewed motion for judgment as a matter of law and for relief under Rule 59.  ECF No. 123.  These motions have been fully briefed.  Neither party has requested or set a hearing on these motions.  Having reviewed the briefs, I find that an evidentiary hearing is unnecessary, and that oral argument would not materially assist the Court in resolving the motions.

## II.  ANALYSIS AND CONCLUSIONS

A. **Defendant's Rules 50 and 59 Motions**.

I will address this motion first because if it were granted, it would moot plaintiffs' motion.  After plaintiffs rested, defendant moved for a "directed verdict," essentially a motion for judgment as a matter of law under Rule 50(a) of the Federal Rules of Civil Procedure.  ECF

No. 119 at 115 (page 535 of the trial transcript). Counsel's first argument was that plaintiffs had not presented evidence of conscious or deliberate bad faith under Kentucky law, which the parties agreed was the applicable substantive law in the case. Counsel cited Kentucky cases holding that dishonesty and deceit are the "hallmark of bad faith," and he argued that reasonable business decisions cannot be second-guessed by a jury. *See id.* at 115-116. In response, plaintiffs argued that the evidence showed that to determine the impact of the second franchise, KFC used a consulting company that KFC knew from experience would generate a favorable report; and that KFC disregarded information that appeared not to support its conclusion. *Id.* at 119-120.[1]

Citing evidence that the consulting company used by KFC for its impact study, "JAG," had been used frequently in the past; and that 100% of the time it had found an impact under the 15% threshold established by KFC's guidelines; and that the surveyor did not use a survey question that plaintiffs (and the Court) viewed as an obvious and important question; I found that the evidence, construed in plaintiffs' favor, could support an inference that it was conscious and deliberate bad faith to use JAG in the circumstances. *Id.* at 121. Further, although there was a preliminary indication that appeared to suggest a 22% impact, KFC conducted no further review to find out what that figure meant. *Id.* at 121-122. I found that a reasonable jury could find bad faith.

Defendant's second argument in support of its Rule 50 motion was that plaintiffs had not

---

[1] Under KFC's guidelines, if it is determined that a new franchise will have more than a 15% impact on an existing franchise's sales, it will not be approved; if the anticipated impact is between 10 and 15%, more review is done; and if it is less than 10%, the new franchise will be approved.

proven future lost profits with reasonable certainty, another requirement of Kentucky law. *Id.* at 116-117. Plaintiffs' counsel agreed that the cause, but not necessarily the precise amount, of the lost profits must be proven with reasonable certainty. *Id.* at 117-119. He noted Mr. Kazi's experience, having had this franchise in Pueblo since the mid-1980's. He also noted the testimony of plaintiffs' damages expert, Jeffrey B. Opp, a forensic economist, who testified about future lost profits but limited his opinion to the length of Mr. Kazi's franchise agreement. I assumed the reasonable certainty standard but noted that there was evidence of up to a 26% impact and expert opinion testimony from Mr. Opp concerning the amount of lost profits, and I concluded that there was sufficient evidence to require denial of the Rule 50 motion. *Id.* at 119, 122-123.

Notably, the Court also addressed defendant's arguments in its instructions to the jury. In Jury Instruction No. 6, concerning breach of the implied duty of good faith and fair dealing, the Court instructed:

> To establish that KFC breached the implied duty of good faith and fair dealing, Plaintiffs must prove by a preponderance of the evidence that when KFC exercised its contractual rights, including any discretion under the contract, KFC did not act in good faith, i.e., *it did not act honestly, openly, and sincerely, and without deceit or fraud*.

ECF No. 106 at 7 (emphasis added).

In Jury Instruction No. 7, concerning damages, the Court instructed, in pertinent part, as follows:

> Plaintiffs in this case are seeking lost profits as their damages. The fact of lost future profits must be proven with reasonable certainty. *In other words, plaintiffs must prove that the cause of the damage or injury can with reasonable certainty be attributed to the breach of the implied duty of good faith and fair dealing. If it is established with reasonable certainty that damage has resulted from KFC's breach, mere uncertainty as to the amount of damages will not preclude plaintiffs'*

4

> *recovery. However, remote, conjectural, or speculative damages are not permitted.*

ECF No. 106 at 8 (emphasis added).

Defendant has now renewed its Rule 50 motion , as is its right under Rule 50(b). However, I have been provided no reason to change my ruling. There was evidence from which a reasonable jury could find in plaintiffs' favor as to the alleged breach of the covenant of good faith and fair dealing and as to lost profits during the term of plaintiffs' current franchise agreement.

As Rule 50(b) also states, a party may include an alternative request for a new trial under Rule 59. However, Rule 59(e) is not a vehicle to revisit issues already decided by the Court or to raise issues that could have been raised previously. *Alpenglow Botanicals, LLC v. United States*, 894 F.3d 1187, 1203 (10th Cir. 2018). Grounds for granting a Rule 59(e) motion include "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Id.* (quoting *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000)).

Defendant has not cited an intervening change in the controlling law or new evidence previously unavailable. Rather, defendant argues that the Court committed clear error because it allowed plaintiffs to recover damages for a sales impact allowed under KFC's guidelines, and because the verdict was against the weight of the evidence, and because the Court's jury instruction concerning bad faith was clearly erroneous. The first two points essentially repeat the points from defendant's Rule 50 motion. As for the bad faith instruction, I am satisfied that it properly applied Kentucky law. Defendant argues that the Court permitted counsel to state in his opening statement that the jury would be asked to decide whether KFC had acted with

"conscious or deliberate bad faith," whereas the final instruction omitted those words. ECF No. 123 at 14-15. Counsel perhaps overlooks the fact that in his Rule 50 motion he essentially defined "conscious or deliberate bad faith" to mean conduct that involves dishonesty and deceit, which he cited as the "hallmark of bad faith" under Kentucky case law. Instruction No. 7 embraced that concept by instructing the jury that they could find that KFC did not act in good faith if "it did not act honestly, openly, and sincerely, and without deceit or fraud." That reflected Kentucky law as the Court found it to be, and as defense counsel had claimed it to be. KFC was not prejudiced by the giving of a proper instruction, nor was the instruction substantively inconsistent with the phraseology used by counsel in his opening statement.

Accordingly, the Court denies the renewed Rule 50 motion and the motion for a new trial under Rule 59(e).

B. **Prejudgment Interest**.

The jury awarded damages in the amount of $792,239. Plaintiff claims this was entirely for lost profits – the only type of damages they sought. ECF No. 112 at 1. I agree. A number of different approaches to damages were presented in the case. One of the methods used by plaintiffs' economics expert, Mr. Opp, produced his opinion that between July 1, 2021 and January 1, 2026, plaintiffs lost profits in the amount of $792,239.00, reduced to present value. ECF No. 130-4 at 10 (portion of Trial Ex. 150). The jury awarded that exact amount in damages. It is reasonable to conclude that the jury credited Mr. Opp's testimony.[2]

---

[2] Using the same method with which he derived the $729,239 figure, Mr. Opp opined that plaintiffs lost profits of $148,940 between July 4, 2020 and June 30, 2021. *Id.* However, the jury did not award that amount or any other amount for that period. Therefore, I will not calculate prejudgment interest on that amount.

Plaintiffs seek an award of prejudgment interest.  In diversity cases state law governs awards of prejudgment interest, and federal law governs post judgment interest.  *Everaard v. Hartford Acc. And Indem. Co.,* 842 F.2d 1186, 1193-94 (10th Cir. 1988); *F.D.I.C. v. First Heights Bank, FSB,* 229 F.3d 528, (6th Cir. 2000).  The parties agree that Kentucky law is the applicable substantive law in this case.

Plaintiffs cite Kentucky Revised Statutes § 360.040(1) as establishing a six percent rate for prejudgment interest.  I disagree.  That statute concerns post judgment interest.  It provides that, except as provided in other subsections, "a judgment, including a judgment for prejudgment interest, shall bear six percent (6%) interest compounded annually from the date the judgment is entered."  Thus, the subsection does not identify a rate for prejudgment interest, only that post judgment interest will accrue on the total judgment, including any prejudgment interest awarded.  Further, subsection (4) provides that when a claim for unliquidated damages is reduced to judgment, as occurred in the present case, the rate may be less than six percent if, after a hearing on due notice, the court determines that a lower rate should be awarded.  In any event, the post judgment rate does not apply in this diversity case.

Regardless of the rate, plaintiffs request an award of prejudgment interest running from either June 20, 2019 (when plaintiffs notified KFC of its alleged breach); or from September 27, 2019 (when plaintiffs provided its own impact study to KFC; or from July 4, 2020 (the date the new restaurant opened).  *Id.* at 3-4.  Defendant objects to any award of prejudgment interest, arguing that prejudgment interest cannot be awarded on lost profits yet incurred.  For the most part I agree with the defendant.

The parties have not cited, and I have not found, any Kentucky authority expressly

addressing whether prejudgment interest may be awarded on future lost profits. However, defendant points to an unpublished opinion of the Kentucky Court of Appeals in *Sparks v. Henson,* 2012 WL 5463877 (Ky. App. 2012). In that case a jury awarded a wrongfully discharged employee $85,000 for lost wages and $175,000 for lost future wages. The Court of Appeals affirmed the trial court's denial of prejudgment interest on both sums. Noting that the employee's economist had testified that plaintiff's past wage loss was $94,664 but the jury chose a different number, the court held that because the past wage loss was not a definite or liquidated amount, the trial court did not abuse its discretion in declining to award prejudgment interest on that component of the judgment. The court said the following about the future lost wages component:

> *Henson next argues that the trial court erred when it failed to award her prejudgment interest on the jury's damage award for future earnings.* Henson argues that because Sparks made no reasonable settlement offers to her after his motion for summary judgment was denied, prejudgment interest is appropriate. While we agree that Sparks did not make any meaningful settlement efforts, we cannot say that the trial court abused its discretion in declining to award prejudgment interest on Henson's claims for lost future compensation. *Henson points to no authority in Kentucky that would support her argument that prejudgment interest even can be awarded in this context.*

*Id.* at *10 (emphasis added).

In *Osbourn v. Griffin,* 865 F.3d 417 (6th Cir. 2017), cited by plaintiffs, the trial court determined that the defendant had wrongfully profited at the plaintiff's expense and ordered equitable disgorgement of the "ill-gotten profits." *Id.* at 452. Plaintiff cites the case for the proposition that under Kentucky law, a court may, in its equitable discretion, award prejudgment interest on an unliquidated amount. ECF No. 112 at 2 (citing *Osbourn,* 865 F.3d at 456). I accept that point. If the only concern here were that the lost profits awarded by the jury were

unliquidated, I might award prejudgment interest. The problem, however, is that in *Osbourn* the profits had already been lost due to defendant's wrongful acts. In the present case, the jury's award was for anticipated future lost profits.

In my view, it does not make sense to award prejudgment interest on future lost profits. In Kentucky, prejudgment interest is intended to compensate a party for a loss of the use of money to which it was entitled. *See, e.g., E.E.O.C. v. Kentucky State Police Dept.,* 80 F.3d 1086, 1097 (6th Cir. 1996) ("Awards of prejudgment interest are compensatory, not punitive, and a finding of wrongdoing by the defendant is not a prerequisite to such an award.") (citation omitted); *Ford Contracting, Inc. v. Kentucky. Transportation Cabinet,* 429 S.W.3d 397. 414 (Ky. App. Ct. 2014) ("[E]quity and justice demand that one who uses money or property of another should generally pay for its use."). Future lost profits by definition have not yet been incurred. Plaintiffs have not yet lost the use of this money. Upon satisfaction of the judgment plaintiffs will have been fully compensated for their anticipated future losses of profits due to the competing franchise. Colorado law is not binding in this case, but it makes the same point: "prejudgment interest can only be awarded on past, not future, lost profits." *Western Fire Truck, Inc. v. Emergency One, Inc.*, 134 P.3d 570, 577 (Colo. App. 2006).

I do agree with plaintiff to one extent. As indicted, the $792,239 in lost profits covered the period July 1, 2021 to January 1, 2026. The Court entered judgment on July 7, 2021. Thus, six days' worth of the damages award was actually for prejudgment losses. I exercise my discretion to award prejudgment interest on that amount. For this limited purpose I will use the six percent rate, but if KFC wants a hearing on the rate, it may request one. By my calculation, prejudgment interest for six days at six percent amounts to $781.39 ($792,239 judgment times

9

0.06 = $47,534.34; divided by 365 = $130.23 per day; times six days). Plaintiff is also entitled to an award of post judgment interest calculated pursuant to 28 U.S.C. § 1961 at the federal post judgment rate.

## ORDER

1. Plaintiffs' motion for an award of prejudgment interest, ECF No. 112, is GRANTED IN PART AND DENIED IN PART.

2. Defendant's renewed motion for judgment as a matter of law and motion for relief pursuant to Rule 59, ECF No. 123, is DENIED.

3. An Amended Final Judgment will issue reflecting the costs awarded to the plaintiffs and this Courts' rulings on prejudgment and post judgment interest.

DATED this 22nd day of December, 2021.

BY THE COURT:

_____
R. Brooke Jackson
United States District Judge